TAYLOR v. THE CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY.

1.  **Pleading**: EFFECT OF GENERAL DENIAL, AFTER PARTIAL ADMIS- SION, WITH PLEA OF TENDER : RAILROADS : STOCK KILLING. In this action to recover double damages for seven calves killed by defendant's train while running at large at a place where it had the right to fence but did not, defendant answered that it admitted the killing of six of the calves, but denied all other averments of the petition, and in another division it averred that the six calves killed did not exceed in value a certain sum, and that it tendered that sum to plaintiff within thirty days after notice of the killing. *Held* that the admission of the killing of the six calves carried with it an admission that they were running at large at a place where defendant had the right, but had neglected, to fence, and that the general denial put in issue only the killing of the seventh calf and the service of the double-damage notice pleaded in the petition ; and that this was especially so in view of the plea of tender, which, though in another division, was an admission of the cause of action, and to that extent controlled the other division of the answer. (See cases cited in opinion.)

Taylor v. The Chicago, St. P. & K. C. Ry. Co.

2. **Instructions:** AS AIDS TO WEIGHING EVIDENCE : DISCRETION OF COURT. It is largely within the discretion of the court to give or refuse instructions which have no other purpose than to aid the jury in weighing the evidence. And when, as in this case, the court may rightfully have thought such instructions unnecessary, this court will not say that it was error to refuse them.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, OCTOBER 30, 1888.

THE plaintiff brought this action to recover double the value of seven calves, of which he was the owner, and which he claims were so injured, while running at large, by the trains of the defendant in operating its railroad ; that they had to be killed ; and that the injuries were inflicted at points on the road where the right of way was not fenced and where the defendant had a right to fence. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*Hubbard & Dawley*, for appellant.

*Cummins & Wright*, for appellee.

ROTHROCK, J.—I. The petition is in the usual form, and the notice provided by statute as the basis of the claim for double damages, was duly served upon the defendant. The answer was in two divisions. In the first division it was admitted that six calves, the property of the plaintiff, were injured by trains operated by the defendant, and that they were of the reasonable value of eleven dollars each and no more, and each and every other allegation in the petition was denied.

1. PLEADING: effect of general denial, after partial admission, with plea of tender: stock killing.

In the second division of the answer it was alleged that the six calves admitted to have been injured did not in value exceed eighty-one dollars, and that the defendant, within thirty days after the service of the double-damage notice, tendered to the plaintiff that sum of money in payment of his damages. The amount tendered was kept good and the money brought into court. No question was made as to the proper service of the double-damage notice, nor of the fact of a tender

having been made. The questions of fact which appear from the evidence to have been in contention between the parties on the trial were (1) the value of the six calves which it was admitted were injured and killed, and (2) whether the seventh calf was actually injured by a train of the defendant, and its value. As to the six calves, the plaintiff sought to show that they were worth more than the amount of the tender, and the defendant endeavored by its evidence to convince the jury that the tender was equal to or more than the damages sustained by the plaintiff. The jury found specially that the six calves were of the value of fifteen dollars each, making the sum of ninety dollars, and, the tender being less than that amount, a verdict for double the value was returned. It is claimed by counsel for appellant that the plaintiff should be required to remit all of that part of the judgment in excess of the amount of the tender. The ground of the claim is that, as the first division of the answer denied all the allegations of the petition excepting that the six calves were injured by trains operated by the defendant, the averments of the petition that the calves were running at large, that the injuries were inflicted at points where there were no fences and where the right to fence existed, were denied, and that there was no evidence that the stock was running at large or that the injuries occurred at such place. In other words, it is claimed that for aught that appears in the record there was no right to fence where the calves were injured. It is correct, as claimed by counsel, that where issue is taken upon the facts as to the place where the stock is killed or injured, and the right to fence at such place, and whether the stock was running at large, the burden is on the plaintiff to sustain the averments of his petition by proof. *Comstock v. Des M. Valley Ry. Co.*, 32 Iowa, 377. But notwithstanding the ingenious argument of counsel, we are of opinion that these facts were not really in issue. The plaintiff did not seek to recover by reason of negligence in the operation of trains. The ground of complaint was that the stock was running

at large, and was injured by reason of a failure to fence where the right to fence existed. In answer to this claim, the defendant admitted that six calves were killed by trains operated by defendant. It is true, the manner in which the injury was inflicted is not in terms admitted. But the answer must be regarded as an answer to the cause of action as set out in the petition. The general denial raised an issue as to the killing of the one calf not admitted to have been killed by the defendant, and as to the service of the double-damage notice, and we do not think it can fairly be said that it raised any other issue, especially in view of the tender which was pleaded in the second division of the answer. It is conceded by counsel that the plaintiff under the pleadings was entitled to judgment for the amount of the tender. In *Johnson v. Triggs*, 4 G. Greene, 97, it is said: "The tender admits the cause of action to the amount of the tender." "A tender admits a liability or indebtedness to the amount of the sum tendered." *Fenk v. Cori*, 4 G. Greene, 555.

It is true, the tender is pleaded in a separate division of the answer, and the pleader denominated it as a "further and distinct answer and defense," and the claim is made that, as inconsistent defenses are authorized by section 2710 of the Code, the general denial in the first division of the answer should be treated as independent of the plea of tender. But this cannot be so considered, because the tender is an admission of the cause of action to that extent, and it necessarily controls the general denial. See *Gray v. Graham*, 34 Iowa, 425 and *Wilson v. Chicago, M. & St. P. Ry. Co.*, 68 Iowa, 673. It is true, these cases do not discuss the question as one of inconsistent defenses, but in principle they determine that a plea of tender overrides and controls other defenses. We think the court did not err in directing the jury that as to the six calves the only question was their reasonable value at the time and place they were injured; and that there was no error in refusing a request by the defendant to charge the jury that there was no evidence that the stock was injured at

Taylor v. The Chicago, St. P. & K. C. Ry. Co.

a point where the defendant had a right to fence its road..

II.   One of the witnesses for the defendant testified to certain admissions made by the plaintiff as to the weight of the calves.  Counsel for defendant requested the court to charge the jury that it was proper for them to consider " whether the plaintiff has made any explanation of said admissions that reasonably reconciles the same with his testimony given on this trial."   The request was refused and error is assigned thereon.

*2. INSTRUC-TIONS : as aids to weighing evidence : discretion of court.*

We are not prepared to hold that it was prejudicial error to refuse to give this instruction.  The jury no doubt considered such failure of the witness to explain his admissions, without special directions from the court.

III.   The evidence as to the killing of the seventh calf is in conflict.  It was found from sixty to seventy feet from the track, with one of its legs almost cut off.  No blood nor hair was discovered on the track.   The defendant did not produce as witnesses its employes who operated the trains which passed over the road about the time the animal was injured.   The defendant's counsel requested the court to instruct the jury that this fact was not to be considered in determining how the injury was inflicted.   The instruction was refused.   This is assigned as error.   We think it was discretionary with the court whether to give any instruction upon this feature of the evidence.   We do not commit ourselves to the correctness of the instruction as a proposition of law.   It is enough to say of this, and the last above alleged error, that we discover no abuse of the discretion of the court.   The instructions refused were intended as aids to the jury in weighing and considering the evidence, and the court may have rightfully thought that they were unnecessary.

*THE SAME.*

An objection was also made to the third instruction given by the court to the jury, as one-sided and erroneous.   We do not so regard it.

We see **no good** reason for disturbing the judgment.

AFFIRMED.