# GRACE HAZEL GILBERT v. CITY OF TRACY.[1]

October 20, 1911.

Nos. 14,427—(71).

**Death — presumption — due care.**

Where a person is killed by the negligence of another, a very strong presumption arises that he exercised due care to save himself from personal injury or death. The presumption is based upon a law of nature, the universal and insistent instinct of self-preservation.

**Same — question for jury.**

The presumption must yield to clear proof of his contributory negligence, but the question is always one of fact for the jury, unless the undisputed evidence so conclusively and unmistakenly rebuts the presumption that honest and fair-minded men could not reasonably draw different conclusions therefrom.

**Unguarded machinery — assumption of risk.**

Where an employee is, by some mishap, involuntarily thrown against or brought in contact with unguarded and dangerous machinery, in motion, the fact that he knew that it was unguarded, and that he would be injured if he came in contact with it, does not of itself establish, as a matter of law, that he assumed the risk.

**Evidence — charge.**

The trial court made no reversible error in its rulings as to the admission of evidence, or in its instructions to the jury.

Action in the district court for Lyon county by the administratrix of the estate of Theron R. Gilbert, deceased, to recover $5,000 for the death of her intestate. The case was tried before Olsen, J., and a jury which returned a verdict in favor of plaintiff for $3,000.

[1] Reported in 132 N. W. 752.

[Note] Servant's assumption of risk of danger imperfectly appreciated, see note in 4 L.R.A.(N.S.) 990.

Dangers created by the master's negligence, which might have been discovered by the exercise of ordinary care on the part of the servant, see note in 28 L.R.A. (N.S.) 1250.

From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed.   Affirmed.

*Robinson & English,* for appellant.

*F. B. Andrews* and *John Moonan,* for respondent.


START, C. J.

On March 11, 1909, the plaintiff's intestate, an employee of the defendant, was killed by his clothing being caught in a rapidly revolving and unguarded clutch of a gas engine in the defendant's pumping house, which was a part of its electric light plant, and in which he was then working as day engineer.   This action was brought in the district court of the county of Lyon, to recover damages sustained by the intestate's widow and child by reason of his death, which was caused by the alleged negligence of the defendant in failing to guard the clutch.   The answer denied the alleged negligence, and affirmatively alleged contributory negligence on the part of the intestate, and that he assumed the risks.   Verdict for the plaintiff for $3,000.   The defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

The evidence is ample to sustain a finding by the jury that the defendant was negligent as alleged, and that it was the proximate cause of the death of the intestate.   The only serious questions raised by the defendant's assignments of error are those relating to the defense of contributory negligence and the assumption of risks.

Where a person is killed by the negligence of another, a very strong presumption arises that the deceased exercised due care to save himself from personal injury or death.   The presumption is based upon a law of nature, the universal and insistent instinct of self-preservation.   The presumption, however, must yield to clear proof of his contributory negligence; but the question is always one of fact for the jury, unless the undisputed evidence so conclusively and unmistakenly rebuts the presumption that honest and fair-minded men could not reasonably draw different conclusions therefrom.   Lewis v. Chicago, St. P., M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180.

There was evidence, which was practically undisputed, to the effect that the deceased was wearing a loose jacket, in which there

was a tear near the bottom thereof, outside his overalls, on the morning of the day he was injured; that he had been warned that it was dangerous to wear his jacket around the machinery; and that his jacket was found after the accident wound around the hand nut on the end of the engine shaft, and that it was the first part of his clothing wound on next to the nut. Such evidence, standing alone, would justify the inference that the deceased was guilty of contributory negligence, but it is not conclusive, as a matter of law, within the rule stated. We are therefore of the opinion that the question of the contributory negligence of the deceased was not a question of law for the trial judge, but one of fact for the jury.

The next question is, Does the evidence show, as a matter of law, that the deceased assumed the risks? It appears quite conclusively from the evidence that the deceased knew, or ought to have known, of the unguarded machinery, and that if he came in contact with it when in motion he would be injured or killed; but whether he knew or appreciated the danger and risk of his being involuntarily thrown or brought against the revolving machinery is not conclusively shown by the evidence. The burden was not on the plaintiff to show precisely how the accident happened, for it was sufficient for her to show that it happened by reason of the unguarded machinery. This the evidence shows. On the other hand, the burden of showing that the deceased assumed the risks was upon the defendant, and to make this issue a question of law for the trial judge the undisputed evidence and the inferences to be drawn therefrom must conclusively show that the deceased assumed the risks.

The evidence tended to show that the dimensions of the pumping house were eighteen by twenty-seven feet, and the gasolene engine of twelve horse power; that in the floor of the room was a board, some three feet long, and fitted into it as a trapdoor; that the floor, including the trapdoor, was saturated with oil, and slippery; that the deceased was seen to enter the plant about five o'clock p. m. of the day of the accident; that his first duty would be to start the engine and the pump, but the latter was not started, nor was the valve in the water pipes opened, which was done by a handwheel near the side of the room; that in going to this wheel, which he had not reached

when caught, to open the valves, he would cross the trapdoor; and; further, that when he was found the trapdoor was out of the floor, and had fallen through the opening, uninjured in any manner.

It is not unreasonable to infer from this evidence that when the deceased was crossing the trapdoor on his way to the wheel to open the valves the trapdoor slipped out of place, whereby he lost his balance, and was thrown against the revolving clutch. The fact that the trapdoor was found out of place and unmarred after the accident is quite significant, and indicates, to some extent at least, that the deceased may have been involuntarily thrown in contact with the revolving clutch by some mishap. If such were the fact, this case falls within the rule that, where an employee is, by some mishap, involuntarily thrown against or brought in contact with unguarded dangerous machinery, in motion, the fact that he knew that it was unguarded, and that he would be injured if he came in contact with it, does not of itself establish, as a matter of law, that he assumed the risks. Snyder v. Waldorf Box Board Co. 110 Minn. 40, 124 N. W. 450.

We accordingly hold that the question whether the deceased was guilty of contributory negligence and assumed the risks was one of fact for the jury.

We find no reversible error in the rulings of the trial court as to the admission of evidence, or in its instructions to the jury.

Order affirmed.