## CAROLINA ANDERSON v. DULUTH & IRON RANGE RAILROAD COMPANY.[1]

December 29, 1911.

Nos. 17,327—(138).

**Negligence — questions for jury — damages.**

> The plaintiff's intestate was killed on a dark night at a highway crossing by the defendant's railway train. Evidence considered, and *held*, that the questions of the defendant's negligence and of the intestate's contributory negligence were each one of fact, that the trial court did not err in its instructions to the jury, that the verdict for the plaintiff is sustained by the evidence, and that the damages, as reduced, are not excessive.

Action in the district court for St. Louis county by the administratrix of the estate of Albert Johnson, deceased, to recover $5,000 for the death of her intestate. The reply was a general denial. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $2,437.50. From an order denying defendant's motion for judgment notwithstanding the verdict, but granting a new trial unless plaintiff consented to a reduction of the verdict to $2,000, it appealed. Affirmed.

*Baldwin & Baldwin,* for appellant.

*John Jenswold, Jr.,* for respondent.

START, C. J.

On the evening of November 2, 1909, at 7:10 o'clock, the plaintiff's intestate was killed by being struck by the passenger train of the defendant at a crossing of its railroad and a public highway, a county road. This is an action to recover damages sustained by his next of kin by his death, on the ground that it was caused by the alleged negligence of the defendant, in that it backed its train over the crossing at a high and dangerous rate of speed, and in failing to give sufficient and timely signals of its approach. The

[1] Reported in 133 N. W. 805.

answer denied the alleged negligence, and affirmatively alleged that the intestate's death was caused by his own negligence, and not otherwise.

A trial in the district court of the county of St. Louis resulted in a verdict for the plaintiff in the sum of $2,437.50. Thereupon the defendant made a motion for judgment in its favor notwithstanding the verdict or for a new trial. The trial court made its order denying the motion for judgment and granting the motion for a new trial, unless the plaintiff consented that the verdict be reduced to the sum of $2,000; but, in the event she did, judgment be entered in her favor on the verdict for that amount, with interest from the date thereof. The defendant appealed from the whole order.

1. The defendant, in support of its motion for judgment, urges that there was no evidence of the defendant's alleged negligence. The evidence was conflicting on this question; but our conclusion, from its consideration, is that it made the question one of fact for the jury.

It is further claimed by the defendant that the evidence conclusively showed as a matter of law that the deceased was guilty of contributory negligence. A very strong presumption of fact arises, where one is killed by the negligence of another, that he used due care to save himself from personal injury or death; and in such cases the question of his negligence is always one of fact, unless the undisputed evidence so conclusively rebuts the presumption that honest and fair-minded men could not reasonably draw different conclusions therefrom. Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752.

There was evidence, accepting the most favorable view of it for the plaintiff, tending to show that the defendant was backing, in an easterly direction, a passenger train, the rear of which was an observation car, from its depot at Tower to Tower Junction, a distance of about one mile, and that as the train crossed the county road along which the intestate, with his nephew, was riding in a road wagon drawn by a team of horses which he was driving, it struck and instantly killed him, but the nephew was not seriously injured; that the night was still, but very dark and cloudy, with

fog or mist coming down; that the lookout brakeman, who was on the rear of the observation car, did not see the wagon until just the moment it was struck, and that the engine backing the train was stopped one hundred feet east of the county road; that by reason of a curve in the railway track, the topography of the land on the sides thereof, and the darkness, the intestate did not have a clear and unobstructed view of the track at all points to the west; and, further, that he and his nephew looked both ways before the team was driven onto the crossing, and that neither saw or heard the approaching train until the team was on the track.

There was also other evidence more favorable to the defendant than that we have indicated, including a written statement, signed by the nephew shortly after the accident, which conflicted radically with his testimony on the trial, to the effect that both he and his uncle looked before driving upon the track. The credibility of the witness was for the jury. Upon a consideration of the whole evidence, and following Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994, we hold that the question of the contributory negligence was one of fact, to be determined by the jury.

2. It is urged by the defendant, in support of its motion for a new trial, that the trial court erred in giving to the jury each of the plaintiff's third, fourth, seventh, eighth, and ninth requests, for the reason that each was liable to mislead the jury in view of the evidence. We cannot concur in this view, for we are of the opinion that the giving of the requested instructions, or any of them, was not reversible error.

The last contention of the defendant is to the effect that the verdict is so manifestly against the great preponderance of the credible evidence that it was an abuse of discretion not to grant a new trial. The trial court was in a better position to judge as to the credibility of the witnesses than we are, and we are of the opinion that it was not an abuse of discretion not to grant a new trial.

The damages as reduced are liberal, in view of the fact that the intestate left as his next of kin only his brothers and sisters, but not so excessive as to justify any further reduction.

Order affirmed.