# SOPHIA LINDGREN v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

December 29, 1911.

Nos. 17,438—(165).

**Cases followed.**

Action in the district court for Morrison county by the administratrix of the estate of August Lindgren, deceased, to recover $5,000 for the death of her intestate. The complaint alleged that on December 10, 1909, August Lindgren was driving after dark along a certain highway in the village of Rices, known as Bugbee street, from which a certain public highway and crossing extends westerly across the tracks of defendant railway company, connecting with a highway known as Morrison street, the crossing being about four hundred fifty feet northerly from the railroad depot; that as he reached the crossing defendant negligently caused a certain locomotive, with a train of passenger coaches attached, to approach and pass the crossing at a great rate of speed and omitted

[1] Reported in 133 N. W. 807.

to give warning by sounding the whistle or ringing the bell, or otherwise; that it omitted to have a lighted headlight attached to the locomotive; that the track was so negligently constructed that by reason of uneven surface of the ground, trees, buildings and other obstructions, negligently permitted by defendant to be placed upon its right of way, the intestate was unable to see the track from the highway. The answer admitted the accident, and alleged it was caused solely by the intestate's negligence in going upon the track in front of the train. The case was tried before Nye, J., and a jury which returned a verdict in favor of plaintiff for $4,000. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*C. W. Bunn, C. A. Hart,* and *George Hoke,* for appellant.

*A. H. Vernon,* for respondent.

PER CURIAM.

Action for the death of plaintiff's intestate, caused by being struck by one of defendant's passenger trains at the station of Rices, this state, as he was driving his team over the railroad track upon a public street. Plaintiff had a verdict, and defendant appealed from a judgment rendered thereon.

The facts are very similar, though much stronger for plaintiff, to those involved in Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994, and Anderson v. Duluth & I. R. R. Co. supra, page 346, 133 N. W. 805, and the conclusions there reached control the case at bar.

Judgment affirmed.