## JOHN TEGELS v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 13, 1912.

Nos. 17,858—(89).

**Question for jury.**

Evidence, in an action for the death of a pedestrian at a railway crossing, considered, and *held* sufficient to take the case to the jury upon the question as to whether the defendant's employees in charge of its train were guilty of negligence in failing to give the necessary and statutory signals.

[1] Reported in 138 N. W. 945.

---

Note.—As to presumption of care of person killed at railroad crossing, see note in 4 L.R.A. (N.S.) 344.

**Failure to produce witness.**

The jury, in such action, had the right to consider the defendant's failure to produce as a witness the fireman of the engine which struck the deceased, in determining the truth of the engineer's testimony that he signaled bv whistle and that the fireman rang the bell.

**Contributory negligence — question for jury.**

It appearing, in such action, that the accident occurred at night, and that the view in the direction from which the train approached was somewhat obstructed by buildings, and there being evidence tending to show that the night was hazy, that the headlight of the engine was dim, that the train was running fast and made little noise, and that no signals were given for the crossing, the question of contributory negligence on the part of the deceased was for the jury, especially in view of the presumption of due care on the part of a deceased person killed by the negligence of another.

**Damages not excessive.**

Verdict for $3,250 sustained.

Action in the district court for Lyon county by the administrator of the estate of Stephen Tegels, deceased, to recover $5,200 for the death of his intestate. The answer admitted that one of defendant's locomotives struck Stephen Tegels with such force and violence that he died shortly after, and alleged that his death was due to his own negligence. The reply was a general denial. The case was tried before Olsen, J., and a jury which returned a verdict in favor of plaintiff for $3,250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Winsor & Keith* and *M. L. Countryman,* for appellant.

*Tom Davis, Ernest A. Michel* and *D. L. Kennedy,* for respondent.

PHILIP E. BROWN, J.

Green Valley is a flag station on the defendant's line of railway. At about two o'clock in the morning of November 16, 1910, the deceased, who had been attending a dance in Green Valley, together with five other young men, left the dance hall and proceeded, on foot, towards the place where they had left their horses and vehicles, which was on the opposite and west side of the railroad track

from the place where the dance was held, and near a crossing about 100 feet south of the station, where the track was intersected by a highway running east and west. Their course was diagonal from the dance hall, in a northwesterly direction, to a point on the above-mentioned highway about 200 feet from the hall, which distance they ran. From this point they proceeded to walk westerly to a point on the east side of the track near the crossing. The track at this point runs almost north and south, and is straight and practically level for a long distance south of the highway; but to the south and on the east side of the track are the defendant's water tank, depot, and outhouse. The night was "kind of hazy." The deceased, plaintiff's son and intestate, while crossing the track upon the highway at the aforesaid crossing, was struck and killed by an engine, pulling a passenger train, which approached from the south. This action is for the recovery of damages for the death of the plaintiff's son and intestate, caused as above stated. The plaintiff had a verdict, and this is an appeal by the defendant from an order denying its alternative motion for judgment or for a new trial.

1. The defendant claims that there was no evidence of any negligence on its part. The plaintiff's contention in this regard is (1) that the train which struck the plaintiff's son was running at a dangerous rate of speed; (2) that the engine had an insufficient headlight; and (3) that no warning was given of the train's approach to the crossing, either by sounding of whistle or ringing of bell, or otherwise.

The first and second grounds of negligence thus urged cannot be considered on this branch of the case, for the complaint in the action alleges merely that the defendant was guilty of negligence in the operation of its train generally, and the court, in its charge, limited the plaintiff's claim as to the defendant's negligence solely to the alleged failure to give the statutory signals, thus rendering claims not so submitted immaterial.

As to the claim that the necessary and statutory signals were not given, four witnesses testified, on behalf of the plaintiff, that they were present when and where the accident occurred, such witnesses being companions of the deceased as above mentioned, and that they

were in a position to have heard signals, if such had been given, and heard none. On the part of the defendant, the engineer testified that he gave the usual signal whistles, and that his fireman rang the bell. The fireman was not sworn, and the defendant offered no other evidence on this issue. We are of the opinion that the question was properly for the jury. The defendant offered no explanation of its failure to produce the fireman as a witness, and the jury had the right to consider this in determining the truth of the engineer's testimony. Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 452, 74 N. W. 166, 70 Am. St. 341; Hall v. City of Austin, 73 Minn. 134, 139, 75 N. W. 1121; Barnes v. Shreveport, 47 La. An. 1218, 17 South. 782, 49 Am. St. 400; Star Mills v. Bailey, 140 Ky. 194, 130 S. W. 1077, 140 Am. St. 370.

2. The next claim made by the defendant is that the deceased was guilty of contributory negligence.

In addition to the facts already stated, it appeared, or there was evidence sufficient to warrant a finding to the effect, that the deceased, who was 21 years old and possessed of normal senses of hearing and sight, had lived near Green Valley for many years; that the engine of the train in question was equipped with an oil burning headlight, which at the time of the accident, was dim, "like a lantern turned down;" that the engine was pulling several lighted passenger coaches; that no stop was made at the station; that the train made little noise in approaching, was behind time, and was running about 40 miles an hour, and that another train was due at Green Valley from the north at about the same time; that the engineer did not see the accident, and did not know until the following day that the deceased had been struck; that at the point where the deceased started to cross the track his view was somewhat obstructed by the buildings referred to above. None of the four witnesses, who were with the deceased, saw or heard the train until it was almost upon them, though they looked and listened for trains on approaching the crossing; and there was no direct evidence that the deceased failed to look and listen.

The immediate circumstances of the accident were as follows: Two of the companions of the deceased reached the track before he did,

and both crossed it safely. One of them did not see the engine until he was on the track. Both of these young men succeeded in getting across; but the deceased, who followed immediately after them, was struck and killed, after having gotten almost across. The other two of the deceased's companions who testified were so near the track that they were almost run down.

This court has quite recently announced, in two cases, the rules governing the consideration of the question of contributory negligence on the part of a deceased person, under conditions similar to those in the instant case, and these rules have been followed in subsequent cases. The cases to which we refer are Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994, and Anderson v. Duluth & I. R. R. Co. 116 Minn. 346, 133 N. W. 805.

In the Anderson case the rule is stated as follows: "A very strong presumption of fact arises, where one is killed by the negligence of another, that he used due care to save himself from personal injury or death; and in such cases the question of his negligence is always one of fact, unless the undisputed evidence so conclusively rebuts the presumption that honest and fair-minded men could not reasonably draw different conclusions therefrom."

In the Knudson case the rule is stated and applied as follows: "The question then is: Does the evidence so clearly and so conclusively establish the intestate's contributory negligence that fair-minded men could not draw any other conclusion therefrom? If the accident had happened in the sunlight, but one conclusion could be fairly drawn from the evidence, namely, that the intestate must have been guilty of contributory negligence. Such, however, is not this case; and we are of the opinion, in view of the conditions under which the intestate attempted to cross the railway tracks, that the question of his negligence was one upon which fair-minded men might well differ."

The concluding sentence last above quoted expresses our views of the instant case.

3. The only other assignment of error undisposed of, is that the verdict is excessive, the same being for $3,250. It appeared that the deceased was unmarried, and lived with his parents, rendering

services on his father's farm, and also contributing about $100 a year to his parents. We find no occasion for disturbing the verdict, after its approval by the trial court.

Order affirmed.