# ELLA M. HUTCHINS v. SLEEPY EYE TELEPHONE COMPANY.[1]

May 8, 1914.

Nos. 18,563—(104).

**Death by wrongful act — evidence — contributory negligence.**

In an action for death by wrongful act it is *held:*

(1) That the evidence justified a finding that the plaintiff's intestate, while working for the defendant, came to death as a result of electrocution.

(2) That the evidence justified a finding that the defendant was negligent.

(3) That the evidence did not require a finding that the plaintiff's intestate was guilty of contributory negligence.

Action in the district court for Brown county to recover $7,500 for the death of plaintiff's intestate while in the employ of defendant. The answer alleged that if the intestate died from electrocution, it was not by reason of defendant's negligence, but entirely by reason of his own fault, and that such risk was assumed by him. The case was tried before Pfau, J., judge of the Sixth judicial district, who denied defendant's motion to dismiss the action and defendant's motion to direct a verdict in its favor, and a jury which returned a verdict in favor of plaintiff for $1,800. Defendant's motion for judgment in its favor notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Albert Hauser,* for appellant.

*A. A. Eberhart, Ludvig Arctander* and *Pfaender & Flor,* for re-spondent.

DIBELL, C.

Action by the plaintiff as administratrix of Charles Hutchins, her deceased husband, to recover damages for his death alleged to have

[1] Reported in 147 N. W. 279.

been caused by the negligence of the defendant. There was a verdict for the plaintiff. The defendant moved for judgment notwithstanding the verdict. The motion was denied. Judgment was entered for the plaintiff. The defendant appeals from the judgment.

The defendant makes three points:

(1) That it is not shown that the death of Hutchins was caused by electrocution.

(2) That the evidence does not justify a finding that the defendant was negligent.

(3) That it appears, as a matter of law, that Hutchins was guilty of contributory negligence.

1. The employees of the defendant, Hutchins among them, were stringing a telephone messenger wire in an alley running east and west and intersecting Second, Third and Fourth streets, which ran north and south, in the city of Sleepy Eye. The foreman and Hutchins were at the jack and reel in the alley a short distance west of Third street. The messenger wire passed over Third street through a clamp on the telephone pole just west of the street, and on to the east through clamps on other poles. Along the east side of Third street, and underneath the messenger wire, electric lighting wires of the city passed. When they were about starting to pull the wire to the east the clamp was loosened on the second pole west of Third street, the foreman and Hutchins working at the reel took up the slack, the wire was then loosened further to the east, and the men there commenced pulling, the foreman and Hutchins keeping the wire tight. The foreman left the reel and went to the east to get in position to signal the men. Hutchins was seen to go from the reel toward the first pole, some 16 feet east, and fall. He died almost instantly. The messenger wire was electrified. There was a burn on the inner part of the right hand of Hutchins and a burn in the hollow of the glove which he wore. At one point in the city electric wire which passed underneath the messenger wire at Third street the insulation was burned off and at another place it was sawed through. One physician testified that he thought the death of Hutchins was caused by electrocution. No one testified otherwise.

A finding that the death of Hutchins was not caused by electrocution would be in disregard of the force of the evidence.

2. The evidence of negligence on the part of the defendant was sufficient.

If the messenger wire came into contact with the city electric wires there was danger of injury. Such contact was easy of avoidance. Several methods of avoidance were suggested. A rope might have been strung from pole to pole above the electric wire. A netting might have been used. The electric wire could have been bridged. A rope could have been strung from telephone pole to telephone pole, and looped, and the messenger wire passed through the loops. There were perhaps other methods which would have secured safety. None of the methods suggested involved an appreciable expenditure of time or money.

3. It is not conclusively shown that Hutchins was guilty of contributory negligence. He was seen to go toward the nearest pole to the reel and to fall. The burden of proof was upon the defendant to show that he was guilty of contributory negligence. It does not appear as a matter of law that he was not there in the legitimate discharge of his duties. It does not conclusively appear that he was instructed to remain at the reel and that it was negligence to leave it in the performance of some duty arising. There is no presumption that in going to the pole he was negligent. Where one is killed by the negligence of another the presumption is that the deceased was in the exercise of due care. In Gilbert v. City of Tracy, 115 Minn. 443, 132 N. W. 752, Chief Justice Start expressed the thought in this way: "The presumption is based upon a law of nature, the universal and insistent instinct of self-preservation. The presumption, however, must yield to clear proof of his contributory negligence; but the question is always one of fact for the jury, unless the undisputed evidence so conclusively and [unmistakably] rebuts the presumption that honest and fairminded men could not reasonably draw different conclusions therefrom." And see Lewis v. Chicago, St. P. M. & O. Ry. Co. 111 Minn. 509, 127 N. W. 180; Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994; La Pray v. Lavoris Chemical Co. 117 Minn. 152, 134 N. W. 313; Anderson

v. Duluth & I. R. R. Co. 116 Minn. 346, 133 N. W. 805. The evidence did not require a finding that Hutchins was negligent.

Judgment affirmed.