FIRST NATIONAL BANK OF ROLETTE, NORTH DAKOTA v.
ALBERT ANDERSEN AND ANOTHER.[1]

December 19, 1919.

No. 21,524.

**Bills and notes — good faith of purchaser from payee.**

1. A bank through its cashier purchased of the payee two notes which were given under such circumstances that the makers had a defense against the payee and that a purchaser had the burden of proving good faith and want of notice. The payee was brought to the cashier and recommended by the vice president, who was a member of the discount committee, but not active in bank affairs. The vice president was not a witness, nor was there an explanation of his absence, nor was the payee a witness, nor was there a showing why he was not.

**Question for jury.**

2. It is *held* that the question of the good faith of the purchasing bank was for the jury.

Action in the district court for Yellow Medicine county to recover $850. The case was tried before Daly, J., who when plaintiff rested denied defendants' motion to dismiss the action and when defendants rested denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendants. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*J. N. Johnson,* for appellant.

*A. C. Severson,* for respondents.

DIBELL, J.

Action on two promissory notes. There was a verdict for the defendants and the plaintiff appeals from the order denying its alternative motion for judgment or a new trial.

The two notes were given by the defendants to one Edwards as payee. It is conceded that they were given under such circumstances that the

[1] Reported in 175 N. W. 544.

makers had a defense and that the burden was upon a purchaser to show good faith.   G. S. 1913, § 5871.

Edwards took the notes to the Citizens State Bank of Minneapolis with other notes, making an aggregate of $5,850, borrowed $4,000 from the bank, and used these two and the other notes as collateral.   Afterwards the bank, when the $4,000 note was overdue, sold it to the plaintiff bank, and with it went the collateral.   The plaintiff does not claim, as we understand from the argument, protection as an innocent purchaser from the Minneapolis bank, but it is in as favorable position as was the bank upon its purchase from Edwards.   G. S. 1913, § 5870.

The cashier of the bank, one Samels, attended to the making of the loan.   McGregor, the vice president and a member of the discount committee, brought Edwards to Samels and recommended him.   McGregor, though a member of the discount committee, was not active in the bank's affairs.   The cashier gave testimony, tending to show that the bank purchased in good faith and in the ordinary course of business.   Neither McGregor nor Edwards was a witness.   The question is whether the Minneapolis bank was, as a matter of law, an innocent purchaser, or whether the question of its good faith was for the jury as the trial court held it to be.

The Negotiable Instruments Act provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."   G. S. 1913, § 5868.

The holding of the cases before the act was to the same effect.   Merchants Nat. Bank v. McNeir, 51 Minn. 123, 53 N. W. 178; Tourtelot v. Reed, 62 Minn. 384, 64 N. W. 928; Merchants Nat. Bank v. Sullivan, 63 Minn. 468, 65 N. W. 924; Gale v. Birmingham, 64 Minn. 555, 67 N. W. 659.

A bank is not a bad faith purchaser because it is negligent or careless or because it does imprudent or bad banking.   Its act must amount to something like fraud upon the rights of the purchaser.   The absence of McGregor is not explained.   It is true, as pertinently remarked by counsel for the plaintiff in his brief, that it was not "necessary for the plain-

144 M.—19.

tiff to hale all the officers, directors and agents of the Citizens State Bank into court and to call the roll and ascertain whether any of them might know of the defenses or equities existing." But McGregor was definitely connected with the taking of the note from Edwards. He knew something of the facts concerning it. It does not appear that he was acting in the interest of himself and Edwards so that his knowledge would not be that of the bank within the well understood rule stated in First Nat. Bank v. Persall, 110 Minn. 333, 125 N. W. 506, 675, 136 Am. St. 499, and cases there cited. It may be noted too that Edwards, who was not present at the trial, had knowledge of the transaction, and there is nothing to suggest that he was hostile to the plaintiff. Bearing in mind that the burden of proof was upon the plaintiff to show that the Citizens State Bank was a purchaser in good faith, and that neither McGregor nor Edwards was called as a witness, nor the absence of either explained, we are of the opinion that the question was one for the jury. It might draw an inference unfavorable to the plaintiff from their absence. This was the view taken by the trial court.

Order affirmed.