HENRY N. KNOTT v. EDWARD W. HAWLEY.[1]

May 15, 1925.

No. 24,366.

**Effect of failure to produce or suppression of evidence.**

The failure to produce or the suppression of evidence within the control of a party may justify an inference of fact unfavorable to him, but whether it should be drawn is for the jury. The trial court may, in a proper case, so inform the jury. A failure to do so is not always, and was not in this case, error which should result in a new trial.

1. See Appeal and Error, 4 C. J. p. 1048, § 3031; Evidence, 22 C. J. pp. 111, 112, § 53; Trial, 38 Cyc. pp. 1518, 1743, 1744.

[1]Reported in 203 N. W. 785.

Action in the district court for Hennepin county. The case was tried before Leary, J., and a jury which returned a verdict of $1,500 in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Kingman, Cross, Morley & Cant,* for appellant.

*Brady, Robertson & Bonner,* for respondent.

DIBELL, J.

Action for libel. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

The plaintiff has been city clerk of Minneapolis since 1909 and in 1921 was a candidate for reappointment by the board of aldermen of whom the defendant was one. Prior to 1914 he retained, upon the claim that they were not official earnings, certain moneys coming to his office for services performed. A question arose whether such moneys belonged to him or were official earnings and he paid the city in settlement $2,000 which was estimated by him to be the amount which he had received. This was satisfactory to the city.

In July, 1921, the defendant published charges to the effect that the plaintiff, then a candidate for reappointment, did not return the proper amount when he paid the city the $2,000, but retained substantial sums. The defense of the defendant is that the facts which he charged were true; and that in any event his charges were made justifiably in good faith relative to an officer then a candidate for reappointment.

The only question on the appeal is whether there were errors at the trial.

The defendant requested the court to charge that if either party had failed to adduce evidence, or had destroyed documents, within his control, calculated to throw light upon the truth of defendant's published statements, such failure or such destruction might be considered as militating against him. It was the claim of the defendant that the plaintiff did not produce certain records bearing upon the amount of fees received, and suppressed or destroyed others. There is some basis in the evidence for the claim.

A party's suppression of evidential facts or his spoliation of documentary evidence is an unfavorable circumstance against his cause. Wigmore, Ev. (2d ed.) §§ 278, 2524. This is a matter of common logic and reasoning. The propriety of a charge suggesting an unfavorable inference from such conduct is recognized with limitations intended to prevent its unfair use. I Randall, Instructions, § 197, and cases noted. In Fonda v. St. P. C. Ry. Co. 71 Minn. 438, 452, 74 N. W. 166, 70 Am. St. 341, a personal injury case, an instruction to the effect that the failure to adduce evidence might be considered by the jury as tending to militate against the contention of the party having but not offering it, was sustained. It does not follow that the failure to give a like instruction is error which should result in a new trial. Counsel for the defendant was not prevented from asking the jury to draw an inference unfavorable to the plaintiff; and it does not necessarily follow that he can complain because the court did not inform the jury upon the propriety of drawing the inference.

Generally the trial court is not required to instruct the jury as to what inferences of fact may be drawn from facts in evidence. Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998, and cases cited; Watson v. M. S. Ry. Co. 53 Minn. 551, 55 N. W. 742. It is true that the inference permissible to be drawn from the suppression of evidence has taken somewhat the form of a maxim or rule; but it does not follow that it is always error for the court not to state it. The principle of the Fonda case is often applied in considering the sufficiency of the evidence to sustain a verdict or finding. Kalz v. W. & St. P. Ry. Co. 76 Minn. 351, 357, 79 N. W. 310; Tegels v. G. N. Ry. Co. 120 Minn. 31, 138 N. W. 945; Russell v. O'Connor, 120 Minn. 66, 73, 139 N. W. 148; First Nat. Bank v. Andersen, 144 Minn. 288, 175 N. W. 544. The language of the court in Taylor v. Chicago, St. P. & K. C. Ry. Co. 76 Iowa, 753, 757, 40 N. W. 84, 87, where the trial court refused to instruct as to the failure of the defendant to produce its employes as witnesses, is not without force:

"We think it was discretionary with the court whether to give any instruction upon this feature of the evidence.   *   *   *   The

instructions refused were intended as aids to the jury in weighing and considering the evidence, and the court may have rightfully thought that they were unnecessary."

The case was fairly tried. The charge was complete. There is nothing to indicate that the parties did not have a fair consideration of their claims by the jury. Conceding that there are extreme cases where a reversal should follow the refusal to give a charge such as requested, this is not one.

Errors are alleged in the refusal to give other instructions and in rulings on evidence. We have examined them. They are not such as to require a new trial and nothing is to be gained by a discussion of them.

Order affirmed.