## HENRY N. KNOTT v. EDWARD W. HAWLEY.[1]

March 12, 1926.

No. 25,143.

**District court has no power to appoint receiver in supplementary proceedings, to collect unearned salary of debtor.**

There is no power in the district court to authorize a receiver, appointed in proceedings supplementary to execution, to collect the official salary to be earned in the future by the judgment debtor.

Executions, 23 C. J. pp. 334 n. 21, 23; 870 n. 54; 882 n. 46; 903 n. 17. Statutes, 36 Cyc. pp. 1179 n. 16; 1188 n. 66.

Defendant appealed from an order of the district court for Hennepin county, Salmon, J., appointing a receiver in proceedings supplementary to execution. Remanded with directions.

*Donald G. Hughes, Neil Hughes* and *P. A. Cosgrove,* for appellant.
*Brady, Robertson & Bonner,* for respondent.

[1]Reported in 207 N. W. 736.

STONE, J.

Appeal by defendant as judgment debtor from an order appointing a receiver for the purpose, among other things, of collecting defendant's salary as an alderman of the city of Minneapolis and, after allowing defendant the statutory exemption, to pay the balance to plaintiff to apply upon his judgment.

The action is for libel and has been here before. 163 Minn. 239, 203 N. W. 785. Plaintiff's judgment remaining uncollected and seemingly uncollectible, a receiver was appointed in proceedings supplementary to execution for the purpose above indicated. The only question is as to the authority to empower such receiver to collect unearned salary or wages. We hold that there is no such power. It may be immaterial that the prospective earnings now involved happen to be the unearned salary of a municipal officer rather than some other form of unearned compensation for personal services.

By statute, the "salary or wages" of municipal officers and employes are now subject to "garnishment, attachment and execution, except as exempted by law." Section 9634, G. S. 1923. So far, that statute applies only to compensation which is both earned and due and can have no application to prospective earnings. Being in derogation of the common law, its operation cannot be extended by unnecessary implication. The effect of the statute on this case, or rather its lack of effect, is not changed by the recent amendment, chapter 387, p. 524, L. 1925, giving to municipal officers and employes "the same right to sell, assign or transfer" salary and wages as is now possessed by any officer or employe of "any corporation, firm or person."

There is no statutory authority for the appointment of a receiver with the power now in question. Subdivision 2 of section 9389, G. S. 1923, authorizes a receiver "after judgment, to carry the same into effect, or to preserve the property pending an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply his property in satisfaction of the judgment." Section 9453, G. S. 1923, provides for a receiver in supplementary pro-

ceedings "of the debtor's unexempt property." A receiver may be appointed under either of these sections to take charge of property for the purpose of applying it or its earnings to the satisfaction of the judgment. In a proper case, the judgment debtor's business may be subjected to a receivership for that purpose. But there is no authority for subjecting the person of the debtor to any such control and it comes very close to that when an order is made which impounds compensation which is to result in the future from his personal exertions. Certainly there is no authority in the statute for anything of that kind and our attention has been invited to no other case in which, without express statutory authority, any such attempt has been made. While the appointment of a receiver in proceedings supplementary to execution is a matter largely of judicial discretion, it is not within that discretion to give a receiver the power attempted to be conferred here, to impound in advance and for a long period the compensation of a public officer. The possible deleterious effect of such a practice on the public service is obvious. It is one which should not be permitted in the private interest of judgment creditors, desirable as it is that their claims should be honored by the debtors. At least it cannot be permitted until there is clear legislative authority for it. There is no such authority now.

There is nothing in Cheek v. Tilley, 31 Ind. 121, to justify the present receivership. Cheek was a clerk of court and appointed Tilley his deputy, the latter's compensation to be "one-half of the fees taxed and collectible in said office." The collection of those fees was "not a duty imposed by law," but a right which belonged to Cheek "as an individual." The suit involved "fees and costs due and uncollected." In other words, there was a fund or at least an earned credit in which Tilley had a vested and contract interest. So it was entirely proper, within well recognized principles of equity jurisprudence, to appoint a receiver to take control of and administer the fund and, so far as necessary to protect and enforce the vested rights of the parties, to collect the fees and dues remaining to be collected and which were properly a part of the

fund in question. So it was not at all a case such as we have here, where a judgment creditor with no contract rights seeks to subject to the lien of his judgment the official salary to be earned by his debtor in the future.

We have nothing corresponding with the "special form of execution" effective in some of our sister states by statute under which unearned wages or other unaccrued credits of a judgment debtor may be reached and the proceeds applied as they are received to the satisfaction of a judgment. See 23 C. J. 902.

The case will be remanded with directions to modify the order for the appointment of the receiver so as to deprive him of any power over, or any rights with respect to, unearned and unaccrued salary or other official compensation of the defendant.

So ordered.