FANNIE MAE, Appellant,

v.

**HEATHER APARTMENTS LIMITED PARTNERSHIP d/b/a Vintage Lakes Apartments, et al., Defendants,**

Andrew C. Grossman, Respondent.

Nos. A10–1336, A10–1505.

Supreme Court of Minnesota.

March 21, 2012.

---

## OPINION

MEYER, Justice.

This case presents the question of whether Minn.Stat. § 575.05 (2010) authorizes a district court to issue a temporary injunction prohibiting a judgment debtor from transferring or disposing of property that is not presently in the hands of or due to the judgment debtor. The property at issue in this case is the interest of respondent Andrew C. Grossman, the judgment debtor, in a spendthrift trust. The district court issued a temporary injunction prohibiting Grossman from disposing of any money or property he has received, is due to receive, or will receive from the trust. The court of appeals reversed. We conclude that, based on its plain language, Minn.Stat. § 575.05 authorizes a district court to enjoin the disposition of a judgment debtor's property only if that property is in the hands of the judgment debtor, in the hands of a third party, or due to the judgment debtor at the time the district court issues its order. Because the judgment creditor, appellant Fannie Mae, does not argue that Grossman's interest in this trust is Grossman's property that is currently in the hands of Grossman or a third party or currently due to Grossman, the requirements of Minn.Stat. § 575.05 are not met. We therefore affirm the court of appeals.

In 2007 an Oklahoma district court entered judgment against Andrew Grossman in favor of Fannie Mae to collect on a commercial mortgage loan. Including accrual of post-judgment interest, the unpaid balance of the judgment is now more than $8 million. Fannie Mae docketed the judgment in Hennepin County District Court and pursued collection.

Fannie Mae conducted discovery related to Grossman's assets. *See* Minn.Stat. § 575.02 (2010) (authorizing examination of

Bruce Jones, Charles F. Webber, Faegre Baker Daniels LLP, Minneapolis, MN, for appellant.

Lewis A. Remele, Jr., Jessica Schulte Williams, Bassford Remele, Minneapolis, MN, for respondent.

Teresa E. Rice, Julia A. O'Brien, Minnesota Bankers Association, Eden Prairie, MN, for amicus curiae Minnesota Bankers Association.

a judgment debtor). During a deposition, Fannie Mae learned that Grossman is the beneficiary of a trust his father established. The trust provides that upon the death of Grossman's father and after certain distributions are made, the trustee shall distribute the balance of the trust in equal shares to Grossman and his siblings. The trust agreement also contained the following spendthrift provision:

> Neither the principal nor the income of any trust created hereunder shall be liable for the debts of any beneficiary, and, except as otherwise expressly provided herein with respect to the power granted to a beneficiary to appoint the principal of a trust created hereunder, no beneficiary shall have any power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of his or her interest in any such trust created hereunder, or the income produced thereby, prior to the actual distribution in fact by the Trustee to said beneficiary.

Grossman's father died in January of 2010.

In February 2010 Fannie Mae filed an ex parte motion for a temporary restraining order to prohibit the transfer or disposition of any interest Grossman had in his father's estate. While its request was broadly worded to apply to any interest in Grossman's father's estate, the only specific interest in the estate of Grossman's father that Fannie Mae referenced was Grossman's interest in trust proceeds. In support of the temporary restraining order, Fannie Mae presented evidence to the district court that Grossman had transferred assets out of the country and beyond the reach of Fannie Mae. Fannie Mae relied on Minn.Stat. § 575.05 as authority for the order.

The district court granted Fannie Mae's ex parte motion for a temporary restraining order. After briefing and argument, the court converted the temporary restraining order into a temporary injunction on June 2, 2010. The district court based its authority to issue the temporary injunction on Minn.Stat. § 575.05. The temporary injunction stated:

> Andrew C. Grossman, individually and through any legal entity that he controls, is hereby enjoined from in any way transferring or disposing of any interest in money, property, or other assets that he has received, is due to receive, or will receive as a result of the death of his father, N. Bud Grossman (including but not limited to, any interest in any trust established by N. Bud Grossman or any money or property distributed or to be distributed from the estate of N. Bud Grossman or under any will or last testament of N. Bud Grossman), pending further order from this Court.

There is no evidence in the record that Grossman had received any money or assets from the trust as of the date of the temporary injunction.

Grossman appealed the district court order granting the temporary injunction.[1] The court of appeals reversed the district court. *Fannie Mae v. Heather Apart-*

---

1. On June 16, 2010, the district court appointed a receiver and directed the receiver to take custody of and liquidate all inheritance proceeds of the trust that are eligible for distribution to Grossman, as they come due, and to apply those proceeds to satisfy Fannie Mae's judgment. Grossman appealed this order. The court of appeals determined that the June 16 order was not independently appealable, but it decided to exercise its discretion to extend review to the June 16 order. *Fannie Mae v. Heather Apartments Ltd. P'ship*, 799 N.W.2d 638, 640 (Minn.App.2011). In its petition for further review, Fannie Mae did not seek review of the court of appeals' decision with respect to the June 16, 2010 order. As a result, the June 16 order is not before this court.

*ments Ltd. P'ship,* 799 N.W.2d 638, 641–42 (Minn.App.2011). The court of appeals concluded that Minn.Stat. § 575.05 "does not authorize orders affecting proceeds of a spendthrift trust that may be distributed to a beneficiary in the future." *Id.* at 641. The court also concluded that the temporary injunction was contrary to the law of spendthrift trusts because it preceded Grossman's receipt of any proceeds of the trust. *Id.* at 642. We granted Fannie Mae's petition for further review of the district court's order granting the temporary injunction.

We review a district court's decision to issue a temporary injunction for an abuse of discretion. *Carl Bolander & Sons Co. v. City of Minneapolis,* 502 N.W.2d 203, 209 (Minn.1993). A district court abuses its discretion when it bases its conclusions on an erroneous interpretation of the applicable law. *State v. Askland,* 784 N.W.2d 60, 62 (Minn.2010). In addition, the interpretation of a statute is a legal issue that we review de novo. *See State v. Leathers,* 799 N.W.2d 606, 608 (Minn.2011).

When interpreting a statute, the role of the court is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). In construing the language of a statute, we give words and phrases their plain and ordinary meaning. *Amaral v. St. Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999). If the language of a statute is plain and unambiguous, it is presumed to manifest legislative intent and a court must give it effect. *Burkstrand v. Burkstrand,* 632 N.W.2d 206, 210 (Minn.2001).

The district court issued a temporary injunction prohibiting Grossman from transferring or disposing of certain assets pursuant to Minn.Stat. § 575.05. As a result, we begin by looking at the language

of section 575.05. It states, in relevant part:

> The judge may order any of the judgment debtor's *property in the hands of the judgment debtor or of any other person, or due to the judgment debtor,* not exempt from execution, to be applied toward the satisfaction of the judgment.... The judge may appoint a receiver of *the debtor's unexempt property, or forbid a transfer or other disposition thereof,* or any interference therewith, until further order therein.

Minn.Stat. § 575.05 (emphasis added).

Under the plain language of section 575.05, a district court may order the following categories of a judgment debtor's property to be applied toward the satisfaction of a judgment: (1) property in the hands of the judgment debtor; (2) property in the hands of another person; and (3) property due to the judgment debtor. The district court can also forbid the transfer or other disposition of the debtor's unexempt property. *Id.* Although the statute does not expressly define what unexempt property may not be transferred or disposed of, that property is limited to the three categories of property defined in the first sentence—property in the hands of the judgment debtor, the judgment debtor's property in someone else's hands, and property due to the judgment debtor. *See State v. Gaiovnik,* 794 N.W.2d 643, 647 (Minn.2011) ("When interpreting statutes, we do not examine different provisions in isolation. Instead, we construe a statute 'as a whole,' and '[w]ords and sentences are understood ... in the light of their context.' " (quoting *Christensen v. Hennepin Transp. Co.,* 215 Minn. 394, 409, 10 N.W.2d 406, 415 (1943))).

While the district court temporarily enjoined Grossman from disposing of any money or other assets he received because of his father's death, the only specific asset

Fannie Mae has identified is Grossman's interest as a beneficiary in proceeds from his father's trust. Thus, in order for the district court order to have been authorized by Minn.Stat. § 575.05, Grossman's interest in the trust proceeds must be either Grossman's property that is in his hands or the hands of a third party or due to Grossman. Fannie Mae, however, does not argue to our court that Grossman's interest in the trust proceeds falls into any of these three categories.[2] Accordingly, we conclude that Fannie Mae has failed to establish authority under section 575.05 to issue the temporary injunction.

■ Instead, Fannie Mae argues that in the future, Grossman's interest in the trust proceeds will become his property or will be due to him.[3] Fannie Mae refers to the district court's temporary injunction as an anticipatory, standstill injunction. It argues that the district court's injunction is consistent with the language of Minn.Stat. § 575.05 because the prohibition on Grossman transferring or disposing of property will not take effect until Grossman has received a distribution from the trust or until such proceeds become due to him.

We reject Fannie Mae's argument. Fannie Mae is asking us to read language into Minn.Stat. § 575.05 when it contends that the statute permits a district court to issue an anticipatory order enjoining a judgment debtor's conduct in the future if and when property is received by or becomes due to the debtor. The plain language of Minn.Stat. § 575.05 does not authorize a district court to issue an anticipatory order that forbids a judgment debtor from disposing of property that is not in the hands of or due to the judgment debtor at the time the order is issued. The statute does not use language referring to property that the debtor will possess or that will become due to the debtor in the future. We "will not read into a statute a provision that the legislature has omitted, either purposely or inadvertently." *Reiter v. Kiffmeyer,* 721 N.W.2d 908, 911 (Minn.2006).

This conclusion is consistent with our decision in *Knott v. Hawley,* 166 Minn. 363, 364, 207 N.W. 736, 736 (1926), which involved a receiver appointed to collect a judgment debtor's future earnings to apply to the plaintiff's judgment under a predecessor of Minn.Stat. § 575.05. *See* Gen. Stat.1923, § 9453. At the time, another statutory provision allowed for the garnishment and attachment of salary or wages, but it only applied to compensation earned. *Knott,* 166 Minn. at 364, 207 N.W. at 736 (citing Gen.Stat.1923, § 9364). We ruled that there was no authority for "impound[ing] compensation which is to result *in the future* from [the judgment debtor's]

2. Without analysis or citation to legal authority, Fannie Mae made a three-word reference in its brief to Grossman having a "present property interest" in the trust. We decline to construe this passing reference as an argument that Grossman's interest in the trust qualifies as property currently in the judgment debtor's hands under Minn.Stat. § 575.05. Summary arguments made without citation to legal support are waived. *See State v. Krosch,* 642 N.W.2d 713, 719 (Minn. 2002) (finding that argument was waived when a "brief contain[ed] no argument or citation to legal authority in support of the allegations").

3. For example, Fannie Mae argues in its brief to our court that "[s]hould any proceeds of the trust become 'due' to Mr. Grossman and he has a right to demand them, they are his 'property.'" Fannie Mae also argues that "if any payment from the Grossman trust becomes legally 'due' to Mr. Grossman, he would have the right to compel the trust to make that payment" and that "such a right to compel payment is the property of Mr. Grossman."

personal exertions" or for "impound[ing] *in advance*" the official's wages. *Id.* at 365, 207 N.W. at 736 (emphasis added).

The district court's order is analogous to the order appointing a receiver to collect future earnings in *Knott.* Without statutory authority, the district court enjoined Grossman in advance from disposing of assets he may receive in the future from the trust. The district court's order applied to property the judgment debtor may possess or that may become due to him in the future without requiring the judgment creditor to show that such property was currently in the hands of the judgment debtor or currently due to the judgment debtor, as required by Minn.Stat. § 575.05.

Finally, Fannie Mae argues that the district court was authorized to prospectively enjoin Grossman from disposing of property even if he has not yet received that property because section 575.05 applies to any interests or claims that belong to a debtor, whether certain or contingent. In support, Fannie Mae relies on *Lange v. Fidelity & Casualty Co.,* 290 Minn. 61, 185 N.W.2d 881 (1971). Fannie Mae's reliance on *Lange* is misplaced.

In *Lange,* a creditor sought the appointment of a receiver in proceedings supplementary to execution of a monetary judgment against the debtor. 290 Minn. at 64, 185 N.W.2d at 884. The judgment debtor was insolvent but had a potentially actionable claim for bad faith failure to negotiate against his insurer that he refused to pursue. *Id.* at 64, 185 N.W.2d at 884. We

ruled the appointment of a receiver to pursue the bad-faith cause of action against the insurer was authorized by Minn.Stat. § 575.05. *Id.* at 69–70, 185 N.W.2d at 887. We reasoned that "receivers are regularly appointed to collect assets *due a judgment debtor*" and that assets of a debtor "often . . . include unliquidated tort and breach-of-contract claims." *Id.* at 69, 185 N.W.2d at 887 (emphasis added). In *Lange* we concluded that the unliquidated claim of the judgment debtor against his insurer was property "due" the judgment debtor and, therefore, the district court's order was expressly permitted by the language of section 575.05. For this reason, we do not read *Lange* as support for a temporary injunction that prohibits a judgment debtor from disposing of assets that will be due to the judgment debtor in the future.[4]

In conclusion, we hold that the district court abused its discretion when it issued the temporary injunction. Fannie Mae does not contend that the trust proceeds constitute Grossman's property that is currently in the hands of Grossman or a third party, or that it is property currently due to Grossman. As a result, the district court's temporary injunction was not authorized by Minn.Stat. § 575.05. Because the district court lacked the authority to issue the temporary injunction, we need not address whether the temporary injunction violated the law on spendthrift trusts.[5]

Affirmed.

---

4. Fannie Mae raises two alternative sources for the district court's authority to issue the temporary injunction in this case—Minn. R. Civ. P. 65 and the inherent authority of the district court. Because Fannie Mae did not raise these arguments below, we will not consider them for the first time on appeal. *Dykes v. Sukup Mfg. Co.,* 781 N.W.2d 578, 584 n. 2 (Minn.2010).

5. While the court of appeals concluded that the temporary injunction violated the law on spendthrift trusts, *see Fannie Mae,* 799 N.W.2d at 641–42, this conclusion was dicta. It was not necessary to the court of appeals' decision because the court first concluded that Minn.Stat. § 575.05 did not authorize the district court's temporary injunction.

STRAS, J., Took no part in the consideration or decision of this case.