## ANNA McVEIGH v. MINNEAPOLIS & RAINY RIVER RAILWAY COMPANY.[1]

February 10, 1911.

Nos. 16,948—(232).

**Question for the jury — verdict not excessive.**

In this a personal injury action, *held*, that there was no error in the submission of the case to the jury, and that the damages awarded are not excessive.

Action in the district court for Itasca county by the administratrix of the estate of John McVeigh, deceased, to recover $5,000 for the death of her intestate. Pursuant to the order of the trial court made on May 10, 1910, after the decision of the former appeal (110 Minn. 184, 124 N. W. 971) defendant served a supplemental answer, in which it alleged that after the trial in August, 1908, plaintiff took possession of all the money paid by defendant to her husband, except the sum of ten dollars, and used and employed the same for her sole benefit; that plaintiff was present at the trial in August, 1908, was fully informed of the purposes for which defendant paid the sum of $1,500 to her husband, and that she had paid out said money for her own use with full knowledge of the facts, by reason whereof she had ratified and confirmed the settlement between defendant and her husband. The case was tried before Wright, J., and a jury which returned a verdict in favor of

[1] Reported in 129 N. W. 852.

plaintiff for $3,750. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*R. J. Powell,* for appellant.

*George H. Spear* and *Spear & Stone,* for respondent.

SIMPSON, J.

This is an action by an administratrix to recover damages for defendant's negligence in causing the death of John McVeigh. It is brought to this court by defendant's appeal from an order denying a new trial, after a trial in which the plaintiff had a verdict of $3,750. The points here urged by appellant are: First, that the trial judge erred in not submitting to the jury the question as to whether plaintiff, the mother, had authorized or ratified an attempted settlement made by defendant with the father of deceased; second, that the damages are excessive.

1. The legal effect of this attempted settlement was before this court in a former appeal. McVeigh v. Minneapolis & R. R. Ry. Co., 110 Minn. 184, 124 N. W. 971. It was then held that such attempted settlement, if not acquiesced in by the mother, did not bar her right, as administratrix, to bring and recover damages in this suit. Whether she did acquiesce in the settlement remained a question of fact, to be determined on the trial; the burden to establish such fact being on the defendant. An examination of the record fails to disclose any evidence sufficient to sustain a finding that the plaintiff did in any way either authorize or ratify such attempted settlement. The trial judge, therefore, properly refused to submit the question to the jury.

2. No fixed limit, within the statutory one, can be established as applicable in all cases to the damages which may be awarded to the parents in case of the death of a son. The limits fixed in particular cases are based on the facts in those cases. In this case the son was twenty-two, the mother fifty-one, and the father sixty-one years of age. The evidence tended to show that the deceased, a young, sober, industrious man, had visited his mother monthly, and had contributed to her support regularly and to the extent of from $250 to $350 a year; that he had also saved several hundred dollars from his

wages; that at the time of his decease he was earning upwards of $1,000 a year, with prospects of early promotion. This evidence as to the deceased, his attitude toward his parents, his shown disposition to assist them financially, his present and probable future earning capacity, and his habits of thrift, tended strongly to establish a probability that an unusually large pecuniary benefit would have been received by the plaintiff from her son, had not his power to assist her been cut off through the negligent act complained of. While the verdict is a liberal estimate of the pecuniary loss suffered, it cannot be said that it is not fairly within the limits fixed by this evidence.

Affirmed.

JAGGARD, J., being absent, took no part.