# NORA GOTSCHALL v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

May 8, 1914.

Nos. 18,508--(73).

**Res ipsa loquitur.**
Wiles v. Great Northern Ry. Co. 125 Minn. 348, 147 N. W. 427, followed. [Reporter.]
**Case distinguished.**
St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S. 162, distinguished. [Reporter.]

. Action in the district court for Ramsey county by the administratrix of the estate of Merlin E. Gotschall, deceased, to recover $5,000 for his death while in the employ of defendant as a freight brakeman. The case was tried before Stanton, J., who granted defendant's motion for a directed verdict. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.
*Duxbury, Conzett & Pettijohn,* for respondent.

PER CURIAM.
The evidence in this case made the question of defendant's negligence one of fact for the jury, and the trial court erred in directing a verdict for defendant. The question whether the rule of *res ipsa loquitur* applies to the facts disclosed by the record is disposed of by the opinion in the case of Wiles v. Great Northern Ry. Co. supra, page 348, which is followed and applied.

This action was brought by the personal representative of decedent, and the construction of the Federal statute as given by St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S. 162, 33 Sup. Ct. 651, 57 L. ed. 1129, is not in point. That was an action by the individual beneficiaries and not by the administrator of the estate of the deceased. So that in the case at bar the question whether the grandmother, administratrix, or decedent's father, is entitled to the money recovered, if plaintiff prevails in the action, is not involved at this time.

Order affirmed.

[1] Reported in 147 N. W. 430.