# WILLIAM F. LUNDEEN v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 5, 1915.

Nos. 18,980—(205).

**Federal Employer's Liability Act — evidence of pecuniary loss.**

Plaintiff's intestate was a common laborer, 23 years old when killed. He had remained with and assisted his parents until a few months previous to his death. Out of his first month's wages he sent $10 to his father because of the latter's need. The parents worked on a farm but did not own it. In this action under the Federal Employer's Liability Act it is *held* that there was not such a failure of proof of pecuniary loss to the parents that defendant was entitled to either judgment notwithstanding the $2,000 verdict, or a new trial.

Action in the district court for Ramsey county by the administrator of the estate of Nikolai Lepisto, deceased, to recover $10,000 for the death of his intestate. The case was tried before Quinn, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*T. D. Sheehan, Thomas D. Schall* and *Burdett C. Thayer,* for respondent.

[1] Reported in 150 N. W. 1088.

HOLT, J.

. Plaintiff's intestate, Nikolai Lepisto, met death while in defendant's service under circumstances creating a cause of action under the Federal Employer's Liability Act (35 St. 65, c. 149). His parents are the beneficiaries. There was a recovery. Defendant's motion in the alternative for judgment or a new trial was denied and it appeals.

But one question is presented, and is thus stated by defendant: "The sole contention of appellant in this case is that there is no evidence from which the jury was justified in finding that the respondent suffered any pecuniary loss whatever on account of the death of the said Nikolai Lepisto." The evidence bearing upon that proposition is in substance this: Deceased died within 20 minutes after the accident. He was then 23 years of age. He came to this country two months before. Prior thereto he had lived with his parents in Finland. While here he worked one month in a lumber camp, and about two weeks for defendant as an ordinary laborer unloading ore cars upon the docks at Allouez, Wisconsin. His wages are not disclosed. An older brother who worked for defendant and was near by when the accident happened, gave the only evidence there is in the record from which to deduce the pecuniary loss sustained by the parents in the death of their son. This brother arrived here a few months ahead of deceased and he had not lived with the parents for about five years previous thereto, but had been at work some 50 or 60 miles distant. However, he made visits for a week or two at a time, at intervals of two to six months during those years, so that, the fair inference is, he knew the situation. This brother testified that Nikolai assisted his parents, saying: "Sometimes he gave money and sometimes they took a piece of work together and father got most of the results of the work, even if the old man wasn't able to work as hard as he would." The father's business was farming and "wood's work, whatever he can; I mean when he is able to." He did not own any farm. Two sons, 18 and 20 years old, remain with the parents. The latter are about 60 years of age. After the deceased finished his month's service in the lumber camp he sent his father $10 because "the father needed it."

It must be conceded that the evidence is scant and not what could be desired. The parents' testimony is not here, and the great ob-stacles in the way of obtaining the same from a distant and inacces-sible country may account for, if not excuse, its absence. But tak-ing the evidence as it is found, may we say there is no support for the amount of the verdict? Under our decisions we think there is. The facts indicate that the parents were in need of financial assist-ance; that the deceased had during his minority and for two years in addition given such aid both in money and its equivalent, work; and that he had the disposition to continue the same, since, from his first wages in this country, he sent his father $10. It is also appar-ent that the deceased was industrious, and was earning wages, at least those of the ordinary laborer. We think these are factors from which the jury could find that in the death of their son the parents sus-tained a substantial pecuniary loss. In the case of the death of young minors by wrongful act parents have been allowed substantial recovery. In O'Malley v. St. Paul, M. & M. Ry. Co. 43 Minn. 289, 45 N. W. 440, a verdict of $3,000, for the death of a child 6 years old, was held not excessive; the same amount for death of a labor-er's child six and a half years old was sustained in Gunderson v. Northwestern Elev. Co. 47 Minn. 161, 49 N. W. 694, and therein the court discusses the basis upon which the jury may predicate the estimate of pecuniary loss to the father. In Gray v. St. Paul City Ry. Co. 87 Minn. 280, 91 N. W. 1106, a verdict of $2,750, for a child 5 years and 9 months, held not too large. See also 18 Ann. Cas. p. 1225, for cases from other courts. True, some courts place the basis of recovery in the case of minors, in a large measure, upon the right of the parent to the earnings of the child. But how uncertain are not the factors upon which to calculate the damages on account of the probable earnings during minority in a case where a child of tender years is killed by wrongful act? And as a prac-tical matter, in this age of compulsory education which keeps chil-dren in school until they are almost of age, must it not be said that it is exceedingly problematic whether the expense of educa-tion and support of a child to majority does not exceed the earnings of such child during that time? So that theorize as we may, little,

if any, aid is derived from keeping in mind any distinction between minor and adult children in fixing the parent's pecuniary loss in case of death from wrongful act. Pecuniary loss measures the damages in either case.

A few of our cases involving the pecuniary loss to parents from the death of an adult child show that the facts, upon which damages were awarded, pointed with no more certainty to the amount of the verdict, as sustained or fixed by the court, than in the case at bar. In Hutchins v. St. Paul, M. & M. Ry. Co. 44 Minn. 5, 46 N. W. 79, the verdict was reduced from $3,500 to $2,000. There the deceased was 39 years old, and divorced, the mother being the beneficiary. He had accumulated no property; was working for $2.25 per day. The mother thought he gave her about $50 a year, but, when interrogated as to what moneys he did give her, could only recall $13 at one time and $5 at another. The mother was living on a farm with her second husband. In Sieber v. Great Northern Ry. Co. 76 Minn. 269, 79 N. W. 95, the court upholds a recovery of $2,500 to the father for the death of a son 28 years old earning $60 to $70 a month, where it had not been made to appear that the son, after becoming of age, had ever given the father pecuniary aid or had accumulated any property. Swanson v. Oakes, 93 Minn. 404, 101 N. W. 949, holds a verdict of $2,000 not excessive, where it merely appeared that the decedent was 21 years of age, in good health, apparently faithful to his duties, and "that his mother, residing in Sweden, depended upon his efforts to some extent for her support." In Holden v. Great Northern Ry. Co. 103 Minn. 98, 114 N. W. 365, a verdict for $3,000 was sustained for the death of an unmarried son 23 years old, a farm laborer, of good habits, sound body and mind, who shared part of his earnings with his parents. In McVeigh v. Minneapolis & R. R. Ry. Co. 113 Minn. 450, 129 N. W. 852, the verdict for $3,750 was allowed to stand for the death of a son. In Tegels v. Great Northern Ry. Co. 120 Minn. 31, 138 N. W. 945, held $3,250 not excessive, where deceased had rendered services and contributed about $100 a year to his parents. See also Thomas v. Chicago Great Western R. Co. 112 Minn. 360, 128 N. W. 297, verdict, reduced to $3,250, held not excessive. See also

Bremer v. Minneapolis, St. P. & S. S. M. Ry. Co. 96 Minn. 469, 105 N. W. 494, where the father could not state whether the deceased son helped him to the extent of $25 or $50 a year, this court reduced the recovery from $3,000 to $2,000. Meager and incredible evidence of pecuniary aid by decedent moved the court to reduce a verdict to $2,500 in Hirschovitz v. Pennsylvania Ry. Co. 138 Fed. 438. See also Hopper v. Denver & R. G. R. Co. 155 Fed. 273, 84 C. C. A. 21, as to what evidence may show substantial pecuniary loss to a parent.

Of course, we realize that this case is ruled by the construction given this act of Congress by the Federal courts. An examination of the decisions of the Supreme Court of the United States indicates that, under statutes permitting a recovery for death by wrongful act for the benefit of surviving parents, the same rule governs the damages as was announced by this court in Hutchins v. St. Paul, M. & M. Ry. Co. supra, and always adhered to. Namely, the recovery is limited strictly to the probable pecuniary loss suffered by the parents. Also that the factors upon which the jury may base the estimate of damages are: Decedent's age, health, habits, earning capacity, disposition to aid the beneficiaries, the age and circumstances of the latter, and the aid actually rendered them during decedent's lifetime. Baltimore & Potomac R. R. Co. v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. ed. 624, and Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176, where expressions like these are used or cited with approval: "Nevertheless the words (pecuniary loss) as judicially adopted is not so narrow as to exclude damages for the loss of services of the husband, wife, or child. * * * No hard and fast rule by which pecuniary damages may in all cases be measured is possible. * * * The rule for the measurement of damages must differ according to the relation between the parties plaintiff and decedent." American R. Co. of Porto Rice v. Didrickson, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. ed. 456; Gulf, Col. & Santa Fe R. R. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. ed. 785; Garrett v. Louisville & Nashville R. Co. 235 U. S. 308, 35 Sup. Ct. 32, 59 L. ed. —.

The cases cited by appellant are not in point, or else sustain respondent. Michigan Central R. R. Co. v. Vreeland, supra, was reversed because of an instruction upon the measure of damages permitting the jury to include those matters not susceptible of money valuation, such as the loss to the wife of the companionship and advice of her husband. The same error resulted in a reversal in American R. Co. of Porto Rico v. Didrickson, supra. Garrett v. Louisville & Nashville R. Co. supra, turned on the failure to allege that the parents suffered any pecuniary damage. In Dooley v. Seaboard Air Line Ry. Co. 163 N. C. 454, 79 S. E. 970, a case like this, the evidence is held sufficient for substantial damages under the Federal act "if it tends to show that the deceased was a young man of good habits and character, in good health, and had helped his father and was disposed to give him his last cent if he needed it; that the father was growing old, and, while not actually dependent on the son for support at the time of the latter's death, he could not tell how soon he might be." The case was reversed upon an instruction as to the measure of damages, correct under the decisions of North Carolina, but erroneous under the Vreeland case and also under the rule obtaining in this state. Boyle v. Columbian Fire Proofing Co. 182 Mass. 93, 64 N. E. 726, cited by appellant, is an authority for the respondent. Under a statute of that state the parents, in each of the three cases involved, showed no more substantial basis for an estimate of the probable pecuniary loss to them than in the case at bar, yet a verdict reduced to $2,000, in each case, was upheld. McCoullough v. Chicago, R. I. & P. Ry. Co. 160 Iowa, 524, 142 N. W. 67, 47 L.R.A.(N.S.) 23, sustains appellant in a measure, but it is to be noted that the evidence of aid given by decedent to the parents, as testified to by them, was more meagre and unsatisfactory than in the instant case, and the verdict there assailed was for $5,000.

One ground for judgment in defendant's favor urged in the court below was that the beneficiaries were aliens. This is abandoned here, evidently, because set at rest by McGovern v. Philadelphia & Reading R. R. Co. 235 U. S. 389, 35 Sup. Ct. 127, 59 L. ed. —.

We have not considered the effect of section 9 of the Federal

128 M.—22.

Employer's Liability Act as to the survival of Nikolai Lepisto's cause of action, he having lived during a few minutes after the injury, since it was not claimed to be applicable at the trial.

Our conclusion is that defendant was not entitled to judgment notwithstanding; and that the evidence supports the recovery.

Order affirmed.