# NORA GOTSCHALL v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

June 11, 1915.

Nos. 19,242—(156).

**Questions for jury.**

1. The evidence in this case is substantially the same as in Gotschall v. Minneapolis & St. L. R. Co. 125 Minn. 525, 147 N. W. 430, which holds that the question of defendant's negligence was one of fact for the jury, and that the rule of *res ipsa loquitur* applies to the facts disclosed by the record.

**Same.**

2. The only new evidence relating to the condition of the couplers was that of the conductor of the train. *Held* that, even with this evidence, the question of defendant's negligence was properly for the jury.

**Cases followed.**

3. The other questions raised by the assignments of error herein are disposed of by Gotschall v. Minneapolis & St. L. R. Co. supra, and Lundeen v. Great Northern Ry. Co. 128 Minn. 332, 150 N. W. 1088.

Action in the district court for Ramsey county by the administratrix of the estate of Merlin E. Gotschall, deceased, to recover $5,000 for the death of her intestate. The case was tried before Brill, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $2,500. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted, unless plaintiff agreed to a reduction of the verdict to $1,800. From the judgment entered pursuant to the verdict as reduced, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.
*Duxbury, Conzett & Pettijohn,* for respondent.

SCHALLER, J:

Plaintiff's intestate was killed while in defendant's service as a

[1] Reported in 153 N. W. 120.

130 M.—3.

brakeman on one of its extra freight trains. This train was running north from Albert Lea to Minneapolis. At a point on the defendant's line near Jordan, Scott county, Minnesota, the train came apart. Deceased's body was found several car lengths south of the north end of the rear portion of the separated train, lying partly inside and partly outside the rails.

Plaintiff, who is the duly appointed and qualified representative of deceased's estate, brought this action. The case was tried to a jury which returned a verdict for the plaintiff in the sum of $2,500.

Defendant moved for judgment notwithstanding the verdict or for a new trial. The motion for judgment was denied. The motion for a new trial was granted, unless plaintiff would consent that the recovery be reduced to $1,800. Plaintiff filed her consent to such reduction. Judgment was entered for the plaintiff for $1,800 and costs January 9, 1915, from which judgment defendant appeals.

This case is governed by our former decision in Gotschall v. Minneapolis & St. L. R. Co. 125 Minn. 525, 147 N. W. 430. In that case it was held that the question of defendant's negligence was one of fact for the jury, and that the rule of *res ipsa loquitur* applies to the facts disclosed by the record.

The only new fact that it is claimed is presented by the present record relates to the question as to whether or not the couplers between the cars which came apart were in a proper condition. The only evidence on this question was the testimony of the conductor of the train, who in speaking of these couplers said: "They was both brand new couplers." This evidence, it is contended, ought to modify the views expressed in the former decision. Perhaps standing alone this evidence might have some persuasive force in that direction, but the same witness testified that he made no examination of one of the couplers and also testified that the one he examined was partly open and that cars will make a coupling generally if both knuckles are open. We still think that, even with this evidence, the question of defendant's negligence was properly for the jury.

The other questions raised by appellant are disposed of adversely to its contention by the decision in Gotschall v. Minneapolis & St. L.

R. Co. supra, and the decision in the case of Lundeen v. Great Northern Ry. Co. 128 Minn. 332, 150 N. W. 1088.

Judgment affirmed.